UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20975-WILLIAMS/MCALILEY

ANGELA NAILS,

            Plaintiff,

vs.

MAL ORTEGA,

            Defendant.

_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

Plaintiff, Angela Nails, filed a *pro se* complaint against Defendant seeking "over $500 billion dollars" for a claim of medical malpractice under Florida law arising out of cosmetic surgery that Defendant allegedly performed on Plaintiff's inner thighs. (ECF No. 1). Defendant filed a Motion to Dismiss, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 4, 18).

Early in this lawsuit, the Court entered an Order of Instructions to *Pro Se* Litigant that informed Plaintiff that a motion to dismiss is a dispositive motion which Plaintiff must respond to in a timely manner because, if granted, it will result in dismissal of her case. (ECF No. 5). Despite this warning, Plaintiff has refused to accept service of the Motion to Dismiss. Defendant filed two Notices of Refused Mail, stating that Defendant has twice attempted to serve Plaintiff with a copy of his Motion to Dismiss via U.S. Mail, but Plaintiff

rejected the mail delivery.[1] (ECF Nos. 20-1, 22-1). Plaintiff did so after she refused Defendant's request that she accept service of court documents via email, and specifically instructed Defendant to "send documents by U.S. mail." (ECF No. 20-2 at 2; *see also* ECF No. 19-1).

Nonetheless, Plaintiff appears to have obtained a copy of the Motion to Dismiss, because she filed a memorandum titled "Response to the Defendant Dismissal." (ECF No. 21). Plaintiff's Response does not address any of the arguments that Defendant raises in his Motion to Dismiss. Rather, Plaintiff complains at length that Defendant's attorney has contacted her through email despite being "aware of the Plaintiff position not giving permission [sic] to…communicate about the case through email…" and criticizes Defendant because "[t]he Court was not cc['d] on the emails to the Plaintiff…." (ECF No. 21 at 2). Plaintiff incorrectly asserts that Defendant "asks for a dismissal of the Plaintiff complaint only because the Plaintiff will not except [sic] legal discussion through email" and she does not offer any substantive reasons in support of her position, other than the conclusory assertion that she "does not agree" that her Complaint should be dismissed. (*Id.* at 1, 2).

The barriers Plaintiff has created to Defendant's counsel communicating with her are entirely improper. No one can bring a lawsuit against someone and then refuse to receive email and mail communications from that defendant's attorney. Most attorneys – and unrepresented parties – regularly exchange information by email; it is easy, quick and

---

[1] Plaintiff also refused to accept a copy of Defendant's Motion for Stay, which Defendant twice attempted to serve on Plaintiff via U.S. mail. (ECF Nos. 20-1, 22-1).

creates a good record of those communications. Nevertheless, when Plaintiff here told Defendant's counsel that she would not review email communications, Defendant's counsel honored that request and sent the motions they had filed with the Court, to Plaintiff by U.S. Mail. This was entirely proper.

It was also proper for Defendant's counsel to not copy the Court on his email communications with Plaintiff, as the Local Rules of this Court prohibit parties and counsel from providing the Court with copies of their correspondence, "except when necessary as an exhibit when seeking relief from the Court" or "[u]nless invited or directed by the presiding Judge." S.D. Fla. L.R. 7.7. Neither of those exceptions apply to Defendant's counsel's service of his motions on Plaintiff.

The Rules of this Court requires that all *pro se* litigants and counsel govern themselves "at all times by a spirit of cooperation, professionalism, and civility." L.R. S.D. Fla. Introductory Statement, 1.1. Plaintiff's avoidance of Defendant's counsel's communications violates this Rule. And it plainly disadvantages Plaintiff, as she must timely respond to any motions or court orders served upon her in accordance with Rule 5 of the Federal Rules of Civil Procedure. That Rule permits service of such documents by "mailing it to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2).

Defendant satisfied Rule 5 by mailing Plaintiff a copy of his Motion to Dismiss. (ECF Nos. 20-1, 22-1). This obligated Plaintiff to file her response to the Motion. *See* L.R. S.D. Fla. 7.1(c)(1) (requiring that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the

motion."). Plaintiff's "Response" does not dispute any of the arguments that Defendant raises in its Motion. (*Compare* ECF No. 18, *Motion to Dismiss*, with ECF No. 21, *Response to the Defendant Dismissal*). Rather, Plaintiff choose to complain, instead, about Defendant's efforts to communicate with her.

To be clear, the Motion to Dismiss does not ask the Court to dismiss the Complaint because Plaintiff refused to accept service of Defendant's documents by email. Instead, Defendant argues that dismissal is warranted because: (i) Plaintiff failed to provide pre-suit notice as required by Florida Statutes § 766.106; (ii) the Complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure because it is a shotgun pleading; and (iii) Plaintiff improperly seeks pre-judgement garnishment, liens and unspecified equitable relief. (ECF No. 18, *generally*).

Local Rule 7.1 provides that a party's failure to file an opposing memorandum of law "may be deemed sufficient cause for granting the motion by default." L.R. S.D. Fla. 7.1(c)(1). Given Plaintiff's failure to oppose the grounds asserted in the Motion to Dismiss, and to provide any supporting legal authority, I recommend that the Court grant the Motion to Dismiss by default.

Although Plaintiff's default is alone sufficient grounds to dismiss the Complaint, dismissal is also appropriate on the merits of the Motion. Florida law requires that a medical malpractice claimant, before filing a lawsuit, conduct a pre-suit investigation and provide the prospective defendant with written notice of intent to sue. In particular, the claimant must: (1) "conduct an investigation to ascertain that there are reasonable grounds to believe that…[the] defendant…was negligent in the care or treatment of the claimant…and [s]uch

negligence resulted in injury to the claimant" and (2) serve each prospective defendant with a notice "of intent to initiate litigation for medical negligence…." Fla. Stat. §§ 766.106(2), 766.203(2). A plaintiff's pre-suit investigation must include "submission of a verified medical expert opinion from a medical expert as defined in s. 766.202(6), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence." Fla. Stat. § 766.203(2).

These requirements of Florida law apply to claims of "medical negligence", which is defined as "a claim, arising out of the rendering of, or the failure to render, medical care or services." Fla. Stat. § 766.106(1)(a). Plaintiff's claim is one of medical negligence. The Complaint, titled "Medical Malpractice", alleges that Defendant performed "inner thigh lift surgery" on Plaintiff without "medical…and cosmetic training…", and failed to provide Plaintiff with proper medical care following her surgery.  (ECF No. 1 at 1, *generally*). However, Plaintiff neither alleges in the Complaint nor demonstrates in her Response that she has conducted the necessary pre-suit investigation and served Defendant with pre-suit notice in accordance with sections 766.106 and 766.203, Florida Statutes. Plaintiff's noncompliance requires dismissal of this action.[2] *See e.g., Pettinga v. Metabolic Research Institute, Inc.*, No. 13-CV-80077, 2014 WL 12452443, at *4 (S.D. Fla. May 6, 2014) (dismissing complaint for failure to comply with Fla. Stat. § 766.106(2)); *Woody v. Delray Medical Center*, No. 9:15-cv-81162, 2016 WL 705965, at *4 (S.D. Fla. Feb. 23, 2016).

---

[2] Given this conclusion, it is not necessary to reach the remaining grounds for dismissal set forth in the Motion.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Motion to Dismiss, (ECF No. 18), **DISMISS** the Complaint **WITHOUT PREJUDICE**, and **CLOSE** this case.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 21st day of July 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Counsel of record
    Angela Nails, *pro se*

6